**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HARVEY BARKER

          Plaintiff,

                                    **CASE NO.:**

v.

REYNOLDS LAW OFFICE, P.A.,

          Defendant.

---

## COMPLAINT

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3.    Venue is proper in this District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides within the Judicial District.

6.    Defendant transacts business within this Judicial District.

7.    The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8.      Plaintiff Harvey Barker is a natural person.

9.      Plaintiff resides in the City of Hutchinson, County of Reno, State of Kansas.

10.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.     The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because he is a natural person.

12.     Defendant Reynolds Law Office, P.A.. is a domestic professional association..

13.     Defendant's Kansas resident agent is John A. Reynolds, 301 N. 9th Street, Salina, Kansas 67401.

14.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15.     The principal business of the Defendant is the collection of debts using the mails and telephone.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16.     Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation to Genesis Health Club that was primarily for personal, family or household purposes, (hereinafter the "Account").

17.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.   The Account went into default with the original creditor.

19.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20.   The Plaintiff disputes the Account.

21.   The Plaintiff requests that the Defendant cease all further communication on the Account.

22.   In the year prior to the filing of the instant action, including but not limited to the Fall of 2014, the Defendant, acting through its representatives, employees and/or agents mailed collection letters to and participated in telephone call with Plaintiff.

23.   Upon information and belief, Defendant kept and possesses written documentation and/or computer records of contacts between Plaintiff and Defendant's representatives.

24.   The purpose of these contacts was to attempt to collect the Account.

25.   The contacts conveyed information regarding the Account directly or indirectly to the Plaintiff.

26.   The contacts each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27.   The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant contacted Plaintiff was to attempt to collect the Account.

28.     Employees and/or agents of the Defendant contacted Plaintiff after he had listed the debt in bankruptcy in violation of 15 USC § 1692d.

29.     When Plaintiff contacted the Defendant to advise he had listed the debt in bankruptcy, Attorney John Reynolds used profanity, stating "[y]ou don't have to be an asshole about it" in violation of 15 USC § 1692d(2).

30.     "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

31.     "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

32.     The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

33.     The FDCPA allows the consumer to orally dispute a debt. Camacho v. Bridgeport Financial Inc., 430 F.3d 1078, 1081 (9th Cir. 2005) and Brady v. The Credit Recovery Company, Inc., 160 F.3d 64, 67 (1st Cir.1998).

34.     The FDCPA does not require the  consumer to  provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

35.   A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

36.   As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

<u>**DESIGNATION OF PLACE OF TRIAL**</u>

Plaintiff requests Kansas City, Kansas as the place of trial.

<u>**PRAYER**</u>

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.   Judgment in favor of the Plaintiff and against the Defendant.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.   Post Judgment Interest.

Respectfully submitted,

<u>/s/ J. Mark Meinhardt</u>
J. Mark Meinhardt #20245
1 E Washington St Ste 500
Phoenix AZ 85004
meinhardtlaw@gmail.com
913-827-1950
ATTORNEY FOR PLAINTIFF